### MAKEPEACE v. FERRIS.

(Supreme Court, Appellate Term. January 5, 1912.)

1. APPEAL AND ERROR (§ 1062*)—PREJUDICIAL ERROR—SUBMISSION OF ISSUES.
   Where one sued on a note pleaded want of consideration and extension of time for payment, if either issue was improperly submitted to the jury, judgment for defendant cannot be affirmed, unless the evidence on the other issue was uncontroverted, and established the defense so clearly that a verdict could have been directed.
   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1062.*]

2. EVIDENCE (§ 181*)—SECONDARY EVIDENCE—ADMISSIBILITY.
   One sued on a note should not be permitted to offer parol evidence concerning the terms of a written agreement for an extension of payment, without first laying proper foundation for such evidence.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 600; Dec. Dig. 181.*]

3. EVIDENCE (§ 185*)—SECONDARY EVIDENCE—ADMISSIBILITY.
   In an action on a note by the assignee thereof, notice to him to produce a written agreement between the maker and the original holder for an extension of payment was not sufficient foundation for the admission of parol evidence concerning the agreement, which was never in plaintiff's possession.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 642-660; Dec. Dig. § 185.*]

4. EVIDENCE (§§ 535, 555*)—CONCLUSIONS—COMPETENCY.
   A witness is improperly permitted to state his conclusion as to the length of time required to make certain practical tests, in the absence of preliminary proof of the facts upon which the conclusion is based and of the witness' expert knowledge.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2376; Dec. Dig. §§ 535, 555.*]

   Page, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by George H. Makepeace against Edwin Ferris. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Alexander & Green (Clifton P. Williamson and R. Hunter McQuistion, of counsel), for appellant.

John J. Schwartz (David Burr Luckey, of counsel), for respondent.

LEHMAN, J. [1] The plaintiff has brought suit upon a negotiable instrument. The answer sets up two affirmative defenses: No

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

consideration; and valid extension by the original holder for six months. The issues raised by both defenses were submitted to the jury, which returned a general verdict for the defendant. If either issue was improperly submitted to the jury, the judgment cannot be sustained, unless the evidence of the other issue was uncontroverted, and established the defense so clearly that a verdict could have been directed. Baldwin v. Burrows, 47 N. Y. 199.

[2-4] In this case there was a conflict of testimony upon the question of want of consideration, and the defendant's counsel conceded that the case presented a question of fact for the jury by failing to move for a direction of a verdict. Consequently, if there is material and prejudicial error in the admission of evidence, or in the judge's charge upon the issue of the extension of the note, the judgment should not be permitted to stand. It seems to me that there is absolutely no competent evidence upon this issue. The record shows that on December 16th the parties had a conversation in regard to extending an option which certain outside persons held upon the stock of a corporation in which both parties to the note were stockholders. In that conversation it was agreed that the note should be extended "until Mr. Clarence A. Wahle, of Bethlehem, Pa., had made a given deal—had built and installed, and in short had made, a machine for the coloration of wood." At that conversation a letter was written to Mr. Wahle, signed by the corporation, through its president, who was also the payee of the note, stating the terms of the agreement for extending the option upon the stock. The period of extension of the note depends upon the terms of this agreement, and no parol evidence should have been given of the contents of this agreement unless a proper foundation was laid.

The only foundation in this case was the notice to produce which was served upon the plaintiff. This notice was, however, nugatory, for the plaintiff is only the assignee of the note and the agreement was never in his possession. It was not shown that the agreement could not have been obtained by means of a subpœna served on the parties to the agreement. Even with this parol testimony in the case, I fail to find that it shows an extension for six months. Apparently the time of the option was extended, not to a definite time, but for such period as would be necessary to make certain practical tests. One of the defendant's witnesses was permitted over the plaintiff's objection to testify that this was about six months. This was, however, merely his conclusion, and his conclusion is incompetent, in the absence of preliminary proof both of the facts upon which the conclusion is based and of the witness' expert knowledge.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

SEABURY, J., concurs. PAGE, J., dissents.